UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 02-CR-66

JOEL RHODES,

        Defendant.

ORDER DENYING THE DEFENDANT'S MOTION AND
SUPPORTING MEMORANDUM FOR ACCESS TO PRESENTENCE REPORTS
OF PROSECUTION WITNESSES (DOC. # 249).

Pending before the court is the defendant's Motion and Supporting Memorandum for Access to Presentence Reports of Prosecution Witnesses (Doc. # 249). The government filed its response (Doc. # 264) and the defendant filed a reply (Doc. # 273). For the reasons explained herein, the motion will be denied.

Summation of the Parties' Arguments

Pursuant to the Due Process Clause, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), the defendant moves the court for an order granting him access to the presentence investigation reports (PSRs) for some of the witnesses the government expects to call at trial. (Motion at 1.) Alternatively, he asks the court to conduct an in camera review of the PSRs to determine which portions the court should order the United States Probation Office to disclose to him. (*Id.*)

Relying on *Brady*, the defendant offers that the due process clause requires the government to disclose to him information relating to either guilt or punishment, including

impeachment evidence, that is within the government's possession. (Motion ¶ 4.) Because impeachment evidence consists of "evidence favorable to an accused[,]" the defendant argues that the witnesses' PSRs "will inevitably contain *Brady* and *Giglio* material." (*Id.* ¶¶ 4-5.)

At minimum, the defendant anticipates that the PSRs will contain descriptions of, and convictions for, prior crimes the witnesses committed and their versions of the events that form the bases for their prior criminal records. (*Id.* ¶ 5.) This information, the defendant submits, will determine whether these individuals were truthful about their past criminal record, which could provide bases for impeachment evidence under Rule 608(b) of the Federal Rules of Evidence. (*Id.*) Additionally, the defendant asserts that the PSRs may have statements that are inconsistent with those the witnesses provided during interviews by the government before and after the resolution of witnesses' criminal cases and that these statements may be inconsistent with statements given by other key government witnesses. (*Id.* ¶ 6.) Further, the defendant proffers that the PSRs will contain information about the witnesses sentencing guideline range before the individual received an adjustment for cooperating with the government. (*Id.* ¶ 7.) With this information, the defendant contends that during cross examination, he can explore the witness' bias. (*Id.*) Thus, the defendant concludes that his request "is not based on mere speculation" as to the PSRs' content. (Id. ¶ 8.)

The government's response highlights its obligation not to disclose to the defense the PSRs during discovery and that the defendant's request for full disclosure is inconsistent with the confidentiality requirement embodied in the Criminal Local Rules.

(Response at 1.) However, the government notes that under *United States v. Anderson*, 724 F.2d 596 (7th Cir. 1984), a limited disclosure of impeachment material is permissible. (*Id.*)

According to the defendant, the government's silence as to his alternative request means that it does not object to the court conducting an in camera review of the PSRs. (Reply ¶ 7.) But "given the nature of the case and the sheer volume of discovery information which has been reviewed by defense counsel," the defendant argues that "the *in camera* approach would be less effective both in identifying impeachment material and in the timing of the release." (*Id.*) Unlike defense counsel, the court has not had access to the thousand pages of discovery and has not reviewed the witnesses' statements. (*Id.*) Consequently, the court may not be able to detect impeachment information for not only the witness who is the subject of the PSR but other government witnesses. (*Id.*)

However, should the court decide to conduct an in camera review, the defendant requests that it do so immediately and provide him with its determination information before the start of trial. (*Id.* ¶ 8.) Lastly, the defendant asks the court to conduct a second review of the PSRs following the testimony of the witness who is the subject of the PSR to ensure that potential impeachment material is immediately flagged for disclosure purposes. (*Id.*)

Discussion

In *United States v. Mitchell*, 178 F.3d 904 (7th Cir. 1999), the defendant argued that *Brady* required the trial court to conduct an in camera inspection of the PSRs of the government witnesses, his co-defendants. *United States v. Mitchell*, 178 F.3d 904, 907 (7th Cir. 1999). Because the trial court denied his request, the defendant postured that the court abused its discretion. *Id.* After reviewing the legal principles the United States Supreme Court articulated in *Brady*, the Seventh Circuit explained that a "due process standard which

3

[is] satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden upon the district court." *Id.*

The court went on to say that

> [i]t is simply asking too much of district court judges to require that they review the presentence reports of all witnesses when there is no particular indication that the reports contain *Brady* material. In a drug conspiracy case, such a rule could easily result in the judge being obligated to root through the presentence reports of twenty coconspirator witnesses. For this reason, "[m]ere speculation that a government file may contain *Brady* material is not sufficient to require a remand for in camera inspection, much less reversal for a new trial."

*Id.* at 907-08; *United States v. Morris*, 957 F.2d 1391, 1402 (district judge not required to conduct an in camera review of FBI reports because the government claimed it turned over all *Brady* material and the defendant could not offer anything beyond speculation that the PSRs contained *Brady* material.); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985) (Absent a suggestion that the law enforcement personnel files of the witnesses contained any impeachment material, the district court is not obligated to examine the same.); *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984) (district court had no obligation to examine the INS file of an informant-witness because the defendant only offered speculation that the file contained evidence of a cooperation agreement.).

In affirming the district court's decision, the Seventh Circuit also relied on the Local Rule 20.01. *Mitchell,* 178 F.3d at 908. The rule, "states that a presentence report may only be disclosed to someone other than the subject of the report when the person requesting the report establishes 'with particularity the need for specified information contained in [the

4

report].'"[1]  *Id.*  Also, the court makes clear that *United States v. Anderson*, 724 F.2d 596 (7th Cir. 1984) and *United States v. Canino*, 949 F.2d 928 (7th Cir. 1991), do not impose "an absolute requirement that district judges examine witnesses' presentence reports."  *Id.*

> While both *Anderson* and *Canino* authorize in camera review, and even suggest that in camera review is good practice, neither case contradicts our earlier statement that a "*Brady* request does not entitle a criminal defendant to embark upon an unwarranted fishing expedition through government files, nor does it mandate that a trial judge conduct an in camera inspection of the government's files in every case."  While the proper procedure for a defendant is to request an in camera inspection if the defendant suspects that *Brady* material has not been disclosed, the defendant is not entitled to have his request granted absent some indication that the report contains impeachment material of the kind requested.

*Id.* at 908-09.

Here, from the outset it is worth noting that Criminal Local Rule 32.2 forbids the government from giving the defendant copies of the PSRs while they are in the government's possession.  *See* Criminal L.R. 32.2.  Therefore, no defendant can argue that the government during discovery should have given defense counsel any *Brady* material that may exist in a PSR.

Despite the defendant's recitation of the applicable case law, his reasons for wanting access to the PSRs are nothing more than speculation that does not begin to satisfy the requirement that the defendant plead "with *particularity* the need for specified information contained in such records."  Criminal L.R. 32.2(a).  Merely stating that the information in the

---

[1] Criminal Local Rule 32.2 now addresses the confidential nature of the PSRs and their disclosure. Criminal L.R. 32.2.  The rule provides that "[n]o confidential records of this Court maintained by the probation office, including the presentence investigation reports and probation supervision records, must be disclosed except upon written petition to the Court establishing with particularity the need for specified information contained in such records."  *Id.*  at 32.2(a).

PSR concerning the subject's prior criminal history record "*could provide* a basis for impeachment" does not satisfy this pleading hurdle. (emphasis added) (Motion ¶ 5.) Likewise, the fact that the statements the witness offered during the interview with the government "*may be* inconsistent with the testimony the witness provides at trial[,]" does not go beyond conjecture. (emphasis added) (*Id.* ¶ 6.)

Moreover, the defendant does not need access to the PSR for purposes of exploring the witness' potential bias stemming from the individual's cooperative agreement with the government. Such information is readily obtainable by the defendant if he asks the witness during cross examination. In short, the defendant cannot use *Brady* to engage in a fishing expedition. Also, the defendant must offer this court some tangible proof that the information he seeks exists in the PSRs.

Although the government's response to the instant motion does not explicitly acknowledge its *Brady* obligations, Criminal Local Rule 16.1, which governs the open file policy, has the same effect. As the Seventh Circuit advised in *Mitchell*, "the government's open file policy [in the Eastern District] provides defendants with 'more discovery than the defendant would be entitled to obtain under strict adherence to the federal rules.'" *Mitchell*, 178 F.2d at 908. In other words, the defendant gets not only the "material discoverable under Rule 16 of the Federal Rules of Criminal Procedure [but the] exculpatory material pursuant to *Brady* and its progeny." *Id.* at n.1. And no where in the defendant's motion is a statement or suggestion that he suspects the government did not disclose *Brady* material to him.

For the reasons set forth, the court will not conduct an in camera review of the PSRs.

Now, therefore,

IT IS ORDERED that the defendant's Motion and Supporting Memorandum for Access to Presentence Reports of Prosecution Witnesses (Doc. # 249) is denied.

Dated at Milwaukee, Wisconsin, this 29th day of June, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge